UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COMMUNITY BANK AND TRUST – WEST GEORGIA** | CIVIL ACTION |
| v. | NO. _____ |
| **THE LAW OFFICE OF JAMES A GRAHAM LLC, GH WASTE SERVICES, LLC, THE HEALTHY SCHOOL FOOD COLLABORATIVE I, LLC, JAMES GRAHAM, AND DIONNE C. GRAHAM** | SECTION: |
| | JUDGE: |
| | MAGISTRAGE JUDGE: |

## COMPLAINT

**COMES NOW**, Plaintiff, Community Bank and Trust – West Georgia ("Community Bank"), submits this Complaint to pursue a suit on a promissory note and guaranty executed by Defendants, The Law Office of James A Graham LLC, GH Waste Services, LLC, The Healthy School Food Collaborative I, LLC, James Graham, and Dionne Graham, as follows:

### PARTIES

1.

Plaintiff, Community Bank, is a domestic bank organized under the laws of the State of Georgia with its principal place of business in Lagrange, Georgia. Accordingly, Community Bank is a citizen of Georgia.

2.

Defendant, The Law Office of James A Graham LLC ("Borrower"), is a Louisiana limited liability company, and upon information and belief, has one member, James Graham, an individual domiciled and residing in Louisiana. Accordingly, Borrower is a citizen of Louisiana.

3.

Defendant, GH Waste Services, LLC ("GH"), is a Louisiana limited liability company, and upon information and belief, has one member, James Graham, an individual domiciled and residing in Louisiana. Accordingly, GH is a citizen of Louisiana.

4.

Defendant, The Healthy School Food Collaborative I, LLC (the "Collaborative"), is a Louisiana limited liability company, and upon information and belief, has one member, James Graham, an individual domiciled and residing in Louisiana. Accordingly, the Collaborative is a citizen of Louisiana.

5.

Defendant, James Graham, is an individual above the age of majority who is domiciled and resides in St. Tammany Parish, Louisiana ("James"). Accordingly, James is a citizen of Louisiana.

6.

Defendant, Dionne C. Graham, is an individual above the age of majority who is domiciled and resides in St. Tammany, Louisiana ("Dionne"). Accordingly, Dionne is a citizen of Louisiana.

## JURISDICTION

7.

This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, excluding interest and costs, and it is a dispute between citizens of different states. 28 U.S.C. § 1332(a). Community Bank is a citizen of Georgia. Borrower, GH, the Collaborative, James, and Dionne (together, the "Defendants") are all citizens of Louisiana. 28 U.S.C. § 1332 (c)(1). Therefore, this Court has subject-matter jurisdiction.

8.

This Court has personal jurisdiction over Defendants because they are citizens of Louisiana and regularly transact business, are domiciled, or reside in the Eastern District of Louisiana. Further, the claims stated herein specifically arise from Defendants' transactions or business in the Eastern District of Louisiana.

## VENUE

9.

Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a)(1) and (2). Defendants are domiciled, reside, and/or transact business in the Eastern District of Louisiana. Further, Community Bank's claims against Defendants arise from loan documents executed by Defendants in the Eastern District of Louisiana.

4913-7928-1269 v1

**FACTS & ALLEGATIONS**

A. *The Note.*

10.

In April 2022, Borrower sought and obtained a loan, which included that certain Note, dated April 18, 2022, in the principal amount of $1,148,000.00, plus interest, fees, costs, and expenses, executed by Borrower through James Graham, in his capacity as member/manager of Borrower, and made payable to the order of Fountainhead SBF LLC ("Fountainhead") (the "Note").

11.

The Note required Borrower to pay principal and interest payments of $12,889.76 every month, beginning on May 5, 2022, with the remaining monthly installments due on the same day of every month thereafter until paid in full. A copy of the Note is attached to this Complaint and incorporated herein as **Exhibit A.**

12.

Borrower failed to make payment on the Note when due. Borrower's failure to pay the amounts due is an Event of Default under the Note. Exhibit A, p. 3. To date, Borrower remains in default of the loan.

13.

Pursuant to the Note, the term "Lender" includes its successors and assigns.

14.

Through that certain Allonge, dated January 31, 2024, Fountainhead, in its capacity as the original owner of the Note, transferred or assigned its ownership of the Note to

4

Community Bank (the "<u>Allonge</u>"). A copy of the Allonge evidencing the transfer of the Note at issue herein is attached and incorporated to this Complaint as **Exhibit B**.

15.

Pursuant to La. Civil Code Article 2645, an assignment of a right includes its accessories such as security rights. Therefore, the assignment of the Note, through the Allonge, includes the assignment of the Guaranties (described below).

16.

Community Bank is now the owner and holder of the Note. Therefore, Community Bank now holds all rights of "Lender" referred to in the loan documents referenced herein.

17.

Pursuant to the Note, Borrower is liable to Community Bank for all costs and expenses incurred for collection of amounts owed, including, but not limited to, reasonable attorney's fees, costs, expenses, and other fees and charges as a provided in the Note. Exhibit A, p. 3.

**B.** *GH's Guaranty.*

18.

To secure Borrower's indebtedness to Lender, GH executed that certain Unconditional Guaranty, dated April 18, 2022, by which GH unconditionally guaranteed payment to Lender of all amounts owed and owing under the Note (the "<u>GH Guaranty</u>"). A copy of the GH Guaranty is attached to this Complaint and incorporated herein as **Exhibit C**.

19.

The GH Guaranty remains in effect until the Note is paid in full. Exhibit C, p. 1. The Note remains outstanding and has not been paid in full.

20.

The GH Guaranty provides that, upon written demand to GH, GH must pay all amounts due and owing under the Note, and Lender is not required to seek payment from any other source before demanding payment from GH. Exhibit C, p. 1.

21.

Further, the GH Guaranty provides that GH is obligated to pay "all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs." Exhibit C, p. 3.

22.

Pursuant to the GH Guaranty, the term "Lender" includes its successors and assigns. Exhibit C, p. 3. Community Bank is, for all relevant purposes, the Lender.

### C. *The Collaborative's Guaranty.*

23.

To secure Borrower's indebtedness, the Collaborative executed that certain Unconditional Guaranty, dated April 18, 2022, by which it unconditionally guarantees payment to Lender of all amounts owing under the Note (the "Collaborative Guaranty"). A copy of the Collaborative Guaranty is attached to this Complaint and incorporated herein as **Exhibit D.**

24.

The Collaborative Guaranty remains in effect until the Note is paid in full. Exhibit D, p. 1.

25.

The Collaborative Guaranty provides that upon written demand to the Collaborative, the Collaborative must pay all amounts due under the Note, and Lender is not required to seek payment from any other source before demanding payment from the Collaborative. Exhibit D, p. 1.

26.

Further, the Collaborative Guaranty provides that the Collaborative is obligated to pay "all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs." Exhibit D, p. 3.

27.

Pursuant to the Collaborative Guaranty, the term "Lender" includes its successors and assigns. Exhibit D, p. 3. Community Bank is, for all relevant purposes, the Lender.

### D. *James's Guaranty.*

28.

To secure Borrower's indebtedness, James executed that certain Unconditional Guaranty, dated April 18, 2022, by which it unconditionally guarantees payment to Lender of all amounts owing under the Note (the "James Guaranty"). A copy of the James Guaranty is attached to this Complaint and incorporated herein as **Exhibit E**.

4913-7928-1269 v1

29.

The James Guaranty remains in effect until the Note is paid in full. Exhibit E, p. 1.

30.

The James Guaranty provides that upon written demand to James, James must pay all amounts due under the Note, and Lender is not required to seek payment from any other source before demanding payment from James. Exhibit E, p. 1.

31.

Further, the James Guaranty provides that James is obligated to pay "all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs." Exhibit E, p. 3.

32.

Pursuant to the James Guaranty, the term "Lender" includes its successors and assigns. Exhibit E, p. 3. Community Bank is, for all relevant purposes, the Lender.

### E. *Dionne's Guaranty.*

33.

To secure Borrower's indebtedness, Dionne executed that certain Unconditional Guaranty, dated April 18, 2022, by which it unconditionally guarantees payment to Lender of all amounts owing under the Note, limited as described below (the "Dionne Guaranty"). A copy of the Dionne Guaranty is attached to this Complaint and incorporated herein as **Exhibit F.**

34.

The Dionne Guaranty limits Dionne's indebtedness to the amount Lender obtains from the Collateral pledged by Guarantor with the property located at municipal address of 244 Blue Crane Drive #1, Slidell, Louisiana 70461 (the "Collateral"). Exhibit F, p. 2.

35.

The Dionne Guaranty remains in effect until the Note is paid in full. Exhibit F, p. 1.

36.

The Dionne Guaranty provides that, upon written demand to Dionne, Dionne must pay all amounts due under the Note, up to the amount secured by the Collateral, and Lender is not required to seek payment from any other source before demanding payment from Dionne. Exhibit F, p. 1.

37.

Further, the Dionne Guaranty provides that Dionne is obligated to pay "all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs." Exhibit F, p. 3.

38.

Pursuant to the Dionne Guaranty, the term "Lender" includes its successors and assigns. Exhibit F, p. 3. Community Bank is, for all relevant purposes, the Lender.

**F.  *Default under the Note and Guaranties.***

39.

Failure to make payment when due is an Event of Default under the Note.  Exhibit A, p. 3.

40.

Upon default, Community Bank is entitled to exercise its remedies under the Note. Specifically, the Note provides Community Bank may, without further notice or demand, require immediate payment of all amounts by any Borrower or Guarantor, and may file suit and obtain judgment. Exhibit A, p. 3.

41.

After demand, GH, the Collaborative, James, and Dionne (collectively, the "Guarantors") are required, pursuant to the GH Guaranty, the Collaborative Guaranty, the James Guaranty, and the Dionne Guaranty (collectively, the "Guaranties") to "unconditionally" pay to Community Bank all of the then unpaid amounts of Borrower's Indebtedness to Community Bank. *See*, Exhibit C, p. 1; Exhibit D, p. 1; Exhibit E, p. 1; Exhibit F, p. 1.

42.

Borrower did not pay the Note according to its terms. The Note is in default for Borrower's failure to make payment when due and upon maturity. The Note remains outstanding and owing to Community Bank.

43.

Community Bank formally notified the Borrower of Borrower's default under the Note and made demand for repayment of the indebtedness owed to Community Bank by letter dated August 7, 2025. A copy of the August 7, 2025, demand letter is attached to the Complaint and incorporated herein as **Exhibit G**.

44.

Further, Community Bank formally notified the Guarantors of Borrower's default under the Note and made demand for repayment of the indebtedness owed to Community Bank by letter dated October 28, 2025. A copy of the October 28, 2025 demand letter is attached to the Complaint and incorporated herein as **Exhibit H**.

45.

Despite amicable demand, Defendants have not paid the Note. Guarantors are now expressly liable for the amounts due and owing.

46.

As of November 1, 2025, Borrower and Guarantors owe Community Bank the following sums on the Note:

| **Source** | **Amount** |
|---|---:|
| Principal Balance of the Note as of October 17, 2025 | $954,738.69 |
| Interest as of November 1, 2025 | $77,961.06 |
| **Total Amount Owed as of November 1, 2025** | **$1,032,699.75** |
| Per Diem Interest on the Note after November 1, 2025 | $237.74 |
| Attorneys' Fees and Costs of Collection | Continue to Accrue |

47.

Interest continues to accrue on the outstanding principal balance owed on the Note at the rate of $237.74 per diem.

48.

In addition to interest, the Note and the Guaranties obligated the Defendants to pay Community Bank for all attorneys' fees, costs, and expenses it incurred in the Event of Default, and those fees, costs, and expenses incurred in the collection of sums owed and owing. *See*, Exhibit A, p. 3; Exhibit C, p. 3; Exhibit D, p. 3; Exhibit E, p. 3; Exhibit F, p. 3. Accordingly, Defendants are also liable and indebted to Community Bank for attorneys' fees, costs, and expenses incurred in these proceedings until it is fully compensated for the sums owed and owing.

## CLAIM I – SUIT ON THE NOTE/BREACH OF CONTRACT

49.

Community Bank incorporates the allegations in the foregoing paragraphs 1-48 as if copied here *in extenso.*

50.

Events of Default exist and are continuing under the Note for Borrower's failure to make payment when due. *See* Exhibit A, p. 3. Borrower is in breach of its obligations.

51.

Community Bank made demand for payment to Borrower for all amounts due to Community Bank by letter dated August 7, 2025, to no avail. Exhibit G.

52.

Accordingly, Community Bank is entitled to a judgment against Borrower for all amounts due under the Note, including all attorney's fees, costs, and expenses incurred by Community Bank.

## CLAIM II – SUIT ON THE GH GUARANTY

53.

Community Bank incorporates the allegations in the foregoing paragraphs 1-52 as if copied here *in extenso.*

54.

Events of Default exist and are continuing under the Note for Borrower's failure to make payment when due. *See* Exhibit A, p. 3.

55.

Community Bank made demand for payment to GH for all amounts due to Community Bank by letter dated October 28, 2025, to no avail. Exhibit H.

56.

Under the GH Guaranty, GH is obligated to pay Borrower's Indebtedness upon default and Community Bank's demand for all amounts due under the Note. *See* Exhibit C, p. 1.

57.

Accordingly, Community Bank is entitled to judgment against GH for all amounts due under the Note, including all attorney's fees, costs, and expenses incurred by Community Bank.

## CLAIM III – SUIT ON COLLABORATIVE GUARANTY

58.

Community Bank incorporates the allegations in the foregoing paragraphs 1-57 as if copied here *in extenso.*

4913-7928-1269 v1

59.

Events of Default exist and are continuing under the Note for Borrower's failure to make payment when due. *See* Exhibit A, p. 3.

60.

Community Bank made demand for payment to the Collaborative for all amounts due to Community Bank by letter dated October 28, 2025, to no avail. Exhibit H.

61.

Under the Collaborative Guaranty, the Collaborative is obligated to pay all of Borrower's Indebtedness upon default and Community Bank's demand for all amounts due under the Note. *See* Exhibit D, p. 1.

62.

Accordingly, Community Bank is entitled to judgment against the Collaborative for all amounts due under the Note, including all attorney's fees, costs, and expenses incurred by Community Bank.

## CLAIM IV – SUIT ON JAMES GUARANTY

63.

Community Bank incorporates the allegations in the foregoing paragraphs 1-62 as if copied here *in extenso*.

64.

Events of Default exist and are continuing under the Note for Borrower's failure to make payment when due. *See* Exhibit A, p. 3.

65.

Community Bank made demand for payment to James for all amounts due to Community Bank by letter dated October 28, 2025, to no avail. Exhibit H.

66.

Under the James Guaranty, James is obligated to pay all of Borrower's Indebtedness upon default and Community Bank's demand for all amounts due under the Note. *See* Exhibit E, p. 1.

67.

Accordingly, Community Bank is entitled to judgment against James for all amounts due under the Note, including all attorney's fees, costs, and expenses incurred by Community Bank.

## CLAIM V – SUIT ON DIONNE GUARANTY

68.

Community Bank incorporates the allegations in the foregoing paragraphs 1-67 as if copied herein *in extenso*.

69.

Events of Default exist and are continuing under the Note for Borrower's failure to make payment when due. *See* Exhibit A, p. 3.

70.

Community Bank made demand for payment to Dionne for all amounts due to Community Bank by letter dated October 28, 2025, to no avail. Exhibit H.

4913-7928-1269 v1

71.

Under the Dionne Guaranty, Dionne is obligated to pay all of Borrower's Indebtedness upon default and Community Bank's demand for all amounts due under the Note. *See* Exhibit F, p. 1.

72.

Accordingly, Community Bank is entitled to judgment against Dionne for all amounts due under the Note, including all attorney's fees, costs, and expenses incurred by Community Bank.

**PRAYER**

**WHEREFORE**, Community Bank and Trust respectfully prays that, after due proceedings, the Court render judgment in its favor and against:

(i) The Law Office of James A Graham LLC for the full principal amount of $954,738.69, plus accrued and unpaid interest of $77,961.06 as of November 1, 2025, and interest thereafter at the rate of $237.74 per diem, together with reasonable attorneys' fees and costs of collection;

(ii) GH Waste Services, LLC for the full principal amount of $954,738.69, plus accrued and unpaid interest of $77,961.06 as of November 1, 2025, and interest thereafter at the rate of $237.74 per diem, together with reasonable attorneys' fees and costs of collection;

(iii) The Healthy School Food Collaborative I, LLC for the full principal amount of $954,738.69, plus accrued and unpaid interest of $77,961.06 as of

November 1, 2025, and interest thereafter at the rate of $237.74 per diem, together with reasonable attorneys' fees and costs of collection;

(iv) James Graham for the full principal amount of $954,738.69, plus accrued and unpaid interest of $77,961.06 as of November 1, 2025, and interest thereafter at the rate of $237.74 per diem, together with reasonable attorneys' fees and costs of collection; and

(v) Dionne C. Graham for full principal amount of $954,738.69, plus accrued and unpaid interest of $77,961.06 as of November 1, 2025, and interest thereafter at the rate of $237.74 per diem, together with reasonable attorneys' fees and costs of collection.

Community Bank also prays for such other and further relief as may be just and equitable.

Dated: November 4, 2025

Respectfully submitted:

*/s/ R. Chauvin Kean*
R. Chauvin Kean (#36526)
chauvin.kean@keanmiller.com
Alexandra C. Veazey (#38695)
alex.veazey@keanmiller.com
Madeleine M. Simpson (#41416)
Madie.simpson@keanmiller.com
**KEAN MILLER LLP**
Bank Plus Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050

***Attorneys for Community Bank and Trust West Georgia***

4913-7928-1269 v1