UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COMMUNITY BANK & TRUST – WEST GEORGIA | * | CIVIL ACTION |
| | * | NO. 25-2258 |
| VERSUS | | |
| | * | SECTION "E"  DIV. (2) |
| GH WASTE SERVICES, LLC, ET AL. | | |

## FINDINGS AND RECOMMENDATION

On April 29, 2026, the Honorable Susie Morgan granted Plaintiff Community Bank and Trust – West Georgia's Amended Motion for Entry of Default Judgment and referred the determination of recoverable fees and costs to the undersigned for a report and recommendation. ECF Nos. 17-18.  On May 6, 2026, this Court issued a briefing schedule and set the matter for submission on May 20, 2026, and continued the submission date at Plaintiff's request to July 6, 2026.  ECF Nos. 19-23.  Plaintiff filed a Memorandum in Support.  ECF No. 24.

No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.  Considering the record, the submissions and arguments of counsel, and the applicable law, Plaintiff Community Bank & Trust – West Georgia should be granted of $17,435.80 in fees costs, for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Community Bank and Trust – West Georgia filed suit to recover on a promissory note and guaranty against The Law Office of James A. Graham, LLC, GH Waste Services, LLC, The Healthy School Food Collaborative I, LLC, James Graham and Dionne C. Graham.  ECF No. 1.  Plaintiff alleges that The Law Office of James A. Graham, LLC borrowed $1,148,000 and executed a promissory note dated April 18, 2022, and defaulted on the repayment obligations.  *Id.* ¶¶ 10-17.  The other defendants guaranteed the note.  *Id.* ¶¶ 18-38.

1

When Defendants failed to Answer (ECF Nos. 5-10), Plaintiff sought entry of default and later filed a Motion for Default Judgment.  ECF Nos. 12-17.  Judge Morgan issued a Judgment of Default awarding Plaintiff $954,738.69 in outstanding principal, $171,161.20 in accrued interest, contractual and post-judgment interest, and attorneys' fees and costs of collection.  ECF No. 18.

Plaintiff seeks an award of $15,861.05 in attorneys' fees and $1,574.75 in costs, for a total award of $17,435.80.  ECF No. 24.  The note contains an express provision imposing all costs (including reasonable attorneys' fees) associated with collection on borrower.  ECF Nos. 1-2 ¶ 6(B), at 2.  The guaranties all oblige the guarantor to pay "all amounts owing under the Note."  ECF No. 1-4 ¶¶ 1, 9(A), at 1, 3; No. 1-5 ¶¶ 1, 9(A), at 1, 3; No. 1-6 ¶¶ 1, 9(A) at 1, 3; No.  1-7 ¶¶ 1, 10(A) at 1, 4.

## II.     APPLICABLE LAW AND ANALYSIS

In a diversity case, where state law supplies the rule of decision, state law controls both the award of and the reasonableness of fees awarded.[1]  The court is not bound by the amount actually charged by the attorney.[2]  In *Rivet v. State, Department of Transportation & Development*, the Louisiana Supreme Court identified the relevant factors in an attorneys' fees determination: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.[3]  No one factor is weighted more than another, and each factor must be considered in light of the specific

---

[1] *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 242 (5th Cir. 2011) (applying Mississippi law) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)).

[2] *St. Blanc v. Stabile,* 114 So. 3d 1158, 1160 (La. App. 5 Cir. 4/24/13) (citing *Jackson Square Towne House Home Ass'n, Inc. v. Hannigan*, 867 So. 2d 960, 965-66 (La. App. 2 Cir. 3/3/04)).

[3] 680 So. 2d 1154, 1161 (La. 9/5/96) (citing *Louisiana Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 (La. 1992)); *id*. at 1161-62  (listing factors considered in determining reasonableness of fees (citing LA. RULES PRO. CONDUCT 1.5(a))).

2

facts of the case.[4]

Federal courts routinely use the "lodestar method" to determine attorneys' fee awards in cases brought under federal statutes as it is the "most useful starting point" for determining the award for attorney's fees.[5]  This method "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[6]  The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[7]  Although the party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of each attorney's qualifications and skill,[8] the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted.[9]  The party challenging the amount of attorneys' fees thus must explain why or how the requested fees are unreasonable.[10]

Louisiana courts recognize that the same factors are considered under the lodestar method and *Rivet*.[11]  Accordingly, it is appropriate to apply the lodestar method in conjunction with consideration of the *Rivet* factors to determine the fee award in this case.

---

[4] *Vill. Shopping Ctr. P'ship v. Kimble Dev., LLC*, 287 So. 3d 882, 886 (La. App. 5 Cir. 12/30/19) (citing *Brandner v. Staf-Rath, L.L.C.*, 102 So. 3d 186, 189-90 (La. App. 5 Cir. 5/31/12)).

[5] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jimenez v. Wood County*, 621 F.3d 372, 379 (5th Cir. 2010) ("The determination of a fees award is a two-step process.  First, the court calculates the 'lodestar'. . ."), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011).

[6] *Hensley*, 461 U.S. at 433.

[7] *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 285-86 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)); *see also Hensley*, 461 U.S. at 437 (stating party seeking fee bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[8] *Hensley*, 461 U.S. at 433; *Wegner*, 129 F.3d at 822; *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995) (per curiam).

[9] *Kellstrom*, 50 F.3d at 329 (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 407, 413 (2d Cir. 1989) ("[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified.")).

[10] *See Wegner*, 129 F.3d at 823.

[11] *Grand Pointe Homeowners Ass'n, Inc. v. Heymann*, 307 So. 3d 285, 288-89 (La. App. 3 Cir. 11/12/20).

### A.  The Lodestar Method

The lodestar calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[12]  The court calculates the "lodestar," which is equal to the number of hours  reasonably expended multiplied by the prevailing hourly rate in the community for similar work.[13]  After the lodestar has been determined, the court must consider the weight and applicability of the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*,[14] to determine whether any upward or downward adjustments are warranted.[15]  Thus, the lodestar method entails a two-step process: calculation of the lodestar amount and consideration of the *Johnson* factors to assess any adjustment request.

### 1.  Reasonable Hourly Rate

The court is not bound by the amount actually charged by the attorney.[16]  Rather, the "appropriate hourly rate . . . is the market rate in the community for this work."[17]  The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[18]  Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney performing the work and

---

[12] *Hensley*, 461 U.S. at 433.

[13] *Jimenez*, 621 F.3d at 379-80 (citations omitted).

[14] 488 F.2d 714 (5th Cir. 1974).  The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-19.

[15] *Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).

[16] *St. Blanc*, 114 So. 3d at 1160 (citing Hannigan, 867 So. 2d at 965-66),

[17] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)); *accord. McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (stating that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community'")).

[18] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13-454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum*, 465 U.S. at 895).

information of rates actually billed and paid in similar lawsuits.[19]

Plaintiff seeks to recover at rates of $395 per hour for Kean (a partner with 11 years' experience), $325 per hour for Veazey (a senior associate with 7 years' experience), and $275 an hour for Simpson (an associate with 2 years' experience).  ECF No. 24 at 6-7.  Plaintiff asserts these rates are not only consistent with the prevailing community rates but have previously been approved by this Court.  *Id.* at 6-7; *see also* ECF No. 24-1 ¶¶ 4-5.

When the hourly rate is not opposed as in this case, it is prima facie reasonable.[20] Moreover, these rates are consistent with other rates approved by this Court.  These reasonable rates should be applied in the lodestar calculation.

### 2.  Documentation of Hours Reasonably Expended and Billing Judgment

Only work of a legal nature is compensable.  Work that is legal in nature includes, for example, "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."[21]  That work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[22]  Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[23]  Attorney or paralegal

---

[19] *Blum*, 465 U.S. at 896 n.11.

[20] *Kellstrom*, 50 F.3d at 328; *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted); *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (holding that attorney's requested hourly rate is prima facie reasonable when it is the customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested).

[21] *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *see also Warder v. Shaw Grp., Inc.*, No. 09-4191, 2016 WL 3447950, at *4 (E.D. La. June 23, 2016) (recognizing that work traditionally performed by an attorney includes digesting depositions, collating, marking and indexing exhibits, and preparing and arranging for service of subpoenas (citing *Norris v. Causey*, No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016))).

[22] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710-11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for time attorney spent copying and Bates-numbering documents).

[23] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (reducing hours billed for time attorney sent faxing documents (citations omitted)).

time for work that could be handled by clerical staff should not be charged at their hourly rates.[24]

Billing judgment refers to the usual practice of writing off unproductive, excessive, or redundant hours.[25]  "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written off."[26]  The party seeking the fee award must establish the exercise of billing judgment.[27]  "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[28]  Alternatively, the court may exclude hours that were not reasonably expended and/or conduct a line-by-line analysis of the time report.[29]

Plaintiff has provided counsel's detailed invoices of time entries to support the request for fees.  ECF No. 24 at 7-10; *see also* ECF No. 24-2 at 3-4, 7-9, 12-14, 27, 31, 34, 57-59, 62-63, 66-68.  A review of these invoices reflect that Plaintiff seeks to recover charges for legal work rather than clerical work and counsel exercised billing judgment in writing-off or not charging for time and applying a 10% reduction to the charges.  Plaintiff likewise provides details to support expenses incurred in this case.  ECF No. 24 at 13-14; *see also* ECF No. 24-2 at 16, 18, 20, 22, 24, 28, 36, 40, 44, 48, 54.

### B.  Adjustments to the Lodestar Amount

After the lodestar has been determined, the court must consider the weight and applicability

---

[24] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).

[25] *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir.1996).

[26] *See Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).

[27] *Walker*, 99 F.3d at 770.

[28] *Id.*; *see also United States ex rel. McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is 'a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.'" (quoting *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'" (quoting *Walker*, 99 F.3d at 770)).

[29] *See Fleming v. Elliot Securit Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *5 (E.D. La. Oct. 21, 2021) (citing *Hensley*, 461 U.S. at 434; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002)).

of the factors delineated in *Johnson*.[30]  The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[31]

The lodestar calculation is presumptively reasonable and should be modified only in exceptional circumstances.[32]  Only in the rare circumstances in which lodestar does not adequately take into account a factor is this "strong presumption" of reasonableness overcome.[33]  The novelty and complexity of the issues, special skill and experience of counsel, quality of representation, and results obtained are presumably fully reflected in the lodestar amount and thus should not serve as independent bases for increasing the basic fee award.[34]  Enhancements based upon the *Johnson* factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts[35] and may not be based on a factor already subsumed in the lodestar calculation.[36]  Thus, double-counting is impermissible, so the lodestar may not be adjusted due to a *Johnson* factor if creation of the lodestar award already accounted for that factor.[37]

---

[30] *See Watkins,* 7 F.3d at 457.

[31] *See Johnson*, 488 F.2d at 717-19.

[32] *Watkins*, 7 F.3d 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)); *accord. Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 552 (2010); *Smith*, 685 F.3d at 490; *Jimenez*, 621 F.3d at 380.

[33] *Perdue*, 559 U.S. at 554.

[34] *Walker*, 99 F.3d at 771–72 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("Novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the'results obtained from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." (citation modified) (quoting *Blum*, 465 U.S. at 898-900)); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993)).

[35] *Id.* (citations omitted); *Shipes*, 987 F.2d at 322.

[36] *Perdue*, 559 U.S. at 553.

[37] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citation omitted).

Evaluation of the *Johnson* factors compels a finding that neither exceptional nor rare circumstances justify an adjustment of lodestar.

## III.   **CONCLUSION**

Plaintiff seeks an award of $15,861.05 in attorneys' fees and $1,574.75 in costs, for a total award of $17,435.80.  The rates charged are reasonable, and the time is well documented by the attached billing statements, which reflect the exercise of billing judgment.  Consideration of the *Johnson* factors do not justify an upward adjustment.

Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that Plaintiff Community Bank and Trust – West Georgia be awarded $15,861.05 in attorneys' fees and $1,574.75 in costs, for a total award of $17,435.80.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[38]

Dated this __13th__ day of July, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[38] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).